MRS. LULA GATZ ET AL. V. THE CITY OF KERVILLE ET AL.

Motion No. 9822. Decided October 28, 1931.
(43 S. W., 2d Series, 91.)

*Walter Petsch,* of Kerrville, and *E. B. & Howell Ward,* of Corpus Christi, for plaintiffs in error.

*W. C. Baker,* of Kerrville, and *Morris & Morris, of San Antonio,* for defendants in error.

PER CURIAM.—The motion for re-hearing calls in question the constitutionality of section 5, chapter 2, Acts of the Fifth Called Session of the Forty-first Legislature, which provides:

"Sec. 5. Two of said Commissioners designated by the Supreme Court acting with one member of the Supreme Court shall be authorized to pass upon all applications for writs of error presented from the courts of civil appeals, and the action of said two Commissioners and one member of the Supreme Court in passing upon applications shall be given the same force and effect as if the same were passed upon by the Supreme Court; provided, upon any application in which the three judges are not unanimous, the same shall be determined by the Supreme Court."

The motion, on this issue, declares:

"The order dismissing the appeal, made in pursuance of the Acts of the Forty-first Legislature, Fourth Called Session, which provides that two Commissioners designated by the Supreme Court, acting with one member of the Supreme Court, shall be authorized to pass upon all applications for writs of error presented from the Court of Civil Appeals, and the action of said two commissioners and one member of the Supreme Court in passing upon such application shall be given the same force and effect as if the same was passed upon by the Supreme

Court, etc., is invalid and of no force or effect because the entire Act of the Legislature is unconstitutional, and especially that part thereof just above quoted, as the Constitution of the State of Texas provides that the Supreme Court shall consist of a Chief Justice and two Associate Justices, and any two of whom shall constitute a quorum, and a concurrence of two judges shall be necessary to the decision of a case. *Constitution of the State of Texas, Section 2, Article 5.*

"The above quoted provision of the Constitution makes it mandatory for the Supreme Court, by a quorum of two of its members, to pass upon the applications for writs of error, and two of the judges of the Supreme Court must concur. Therefore, the law that authorizes one judge and two commissioners to pass upon the applications is clearly unconstitutional, and it follows, of course, that the order in this case is of no force or effect."

"The granting or denying of a writ of error in this case finally determines the case, and is an adjudication that the plaintiff is not, in this case, entitled to recover, and therefore must be determined by the Supreme Court proper. We, therefore, move that the Supreme Court proper pass upon the application for writ of error and this motion for rehearing thereon, and grant the application for writ of error as prayed for therein."

The insistence that the act in so far as it confers power upon a judge of the Supreme Court and two commissioners to pass upon applications for writs of error is unconstitutional is without merit. The subject of the power of the Legislature to prescribe the method of admitting cases to the Supreme Court was carefully considered by this court in the case of San Antonio & A. P. Ry. Company v. Blair, 108 Texas, 434, 196 S. W., 502, and in an opinion by Chief Justice Phillips the power of the Legislature to authorize the appointment of a Committee of Judges from the Courts of Civil Appeals was upheld. What was there said applies with equal force to the act now under review. We deem it unnecessary to quote from that opinion or to assign additional reasons for upholding the law before us. Upon the authority of that case we are of the opinion that the act before us is constitutional.

There being no merit in the motion for rehearing, it is overruled.